IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAMARRA E. STUPPARD-WILSON,
as Administratrix of the Estate of Dino
Vandarrel Walker, deceased,

     Plaintiff,

       v.

FULTON COUNTY, GEORGIA, et al.

     Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-3400-TWT

## OPINION AND ORDER

This is a civil rights action. It is before the Court on the Plaintiff Tamarra E. Stuppard-Wilson's Motion for Reconsideration [Doc. 60]. For the following reasons, the Plaintiff's Motion is DENIED.

## I. Background

This case arises out of the murder of Dino Walker, who was an inmate at the Fulton County Jail at the time of his death. (Suppl. Compl. § 1). Walker was fatally stabbed by another inmate at the jail on September 22, 2022. (*Id.* ¶ 14). On August 28, 2025, the Court granted the Defendants Sheriff Patrick Labat and Fulton County's Motions to Dismiss and granted in part and denied in part Defendant Curt Muhammad's Motion to Dismiss. (Op. & Order dated Aug. 28, 2025, [Doc. 58] ("Order")). In that Order, as relevant to the present Motion, the Court dismissed Count IV against Defendant Muhammad on the grounds that the Plaintiff sought to bring the state law equivalent of a § 1983

claim for Muhammad's alleged violation of his ministerial duties, but Georgia law does not permit such a claim. (*Id.* at 26). The Plaintiff argues that the Court misinterpreted this claim, which she intended to be a negligence claim, and asks the Court to reconsider its ruling on that basis. (Pl.'s Mot. for Recons., at 2-4). Alternatively, she asks for leave to amend her complaint to more clearly plead this purported negligence claim. (*Id.* at 1).

## II.  Legal Standards

"The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). Although the Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration, they are common in practice. Local Rule 7.2 states that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." LR 7.2(E), NDGa. In particular, a party may move for reconsideration when there is (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) the need to correct clear error or prevent manifest injustice. *See Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (11th Cir. 2010). A manifest error of law is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Durden v. State Farm Fire & Cas. Co.*, 2017 WL 3723118, at *6 (N.D. Ga. Aug.

29, 2017) (citation omitted). By contrast, a motion for reconsideration is not a "vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

## III. Discussion

In her Motion, the Plaintiff explains that she "could (and should) have been clearer on two points." (Pl.'s Mot. for Recons., at 2). First, she explains that she should have cited Ga. Const. Art. I, § 2, ¶ IX(d), the provision governing sovereign immunity, rather than Art. I, § I, ¶¶ I & II, which guarantee due process and equal protection. (*Id.* at 3). Second, the Plaintiff asserts that "even though [she] pled and argued duty, breach, and (implicitly) causation, she could have been clearer of her contention that Officer Muhammad is liable for *negligence* under Georgia law. (*Id.*). More specifically, she contends that Count IV was supposed to allege that Muhammad "breached a ministerial duty by failing to perform wellness checks on inmates every 30 minutes." (*Id.* at 4).

The Court finds several problems with the Plaintiff's contentions, beginning with the procedural presentation. A motion for reconsideration is not the proper vehicle to "clarify" a claim that was not properly pled in the first place, and the Plaintiff is not presenting newly discovered evidence or a change

in the law. (*See id.* at 8). While a motion for leave to amend might have been proper under the circumstances the Plaintiff presents, that request has not been properly presented at this time. The Plaintiff's sole reference to leave to amend appears in the title to her motion, and she provides neither a proposed amended complaint nor a summary of her proposed amended complaint. *See Advance Tr. & Life Escrow Servs., LTA v. Protective Life Ins. Co.*, 93 F.4th 1315, 1336 (11th Cir. 2024) (noting that Fed. R. Civ. P. 7(b) requires attaching a proposed amended complaint to a motion for leave to amend if the motion itself does not fully "set forth the substance of the proposed amendment."). Nor does she engage with Fed. R. Civ. P. 15(a)(2).

The Plaintiff points to Fed. R. Civ. P. 8's notice pleading standard and asserts that she was not required to identify the precise legal theory she was traveling under with regard to Count IV, implying that the Court's alleged failure here amounts to clear error or manifest injustice. As stated in the order, Rule 8's basic requirement is that the plaintiff give the defendant fair notice of her claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Muhammad's Motion to Dismiss makes apparent that he was not on fair notice that the Plaintiff intended Count IV to state a negligence claim, since his dismissal argument was based entirely on his belief that the Plaintiff was alleging a constitutional violation. (*See* Muhammad's Mot. to Dismiss, at 9-10).

And although the Plaintiff was entitled to have the Supplemental Complaint read in her favor, the Court was not required to liberally construe Count IV in order to sustain her claim. *See Erickson*, 551 U.S. at 94 (noting that pleadings filed by counsel are held to more stringent standards than those filed by pro se litigants). Instead, the Court gave its best effort at apprehending the claim presented in Count IV; whatever error there was in failing to accurately decipher the claim is owed entirely to the Plaintiff.

Finally, the Plaintiff appears to argue that although it was her "fault" she referenced an inapplicable provision of the Georgia Constitution in Count IV, the Court should have known she was actually raising a negligence claim because she did not reference that provision in her response to the Motion to Dismiss and instead argued there that Muhammad breached his ministerial duties. (*See* Pl.'s Mot. for Recons., at 7 n.4 (citing *Pegram v. Herdrich*, 530 U.S. 211, 230 n.10 (2000)). The Plaintiff's reliance on *Pegram* is misplaced. In *Pegram*, the Supreme Court noted that a plaintiff can clarify the allegations of her pleading through her response to a Rule 12(b)(6) motion, so long as the clarified allegations are consistent with the pleading. *See Pegram*, 530 U.S. at 230 n.10. But here, even after being put on notice that Muhammad had not construed Count IV as a negligence claim, the Plaintiff squandered her opportunity to clarify in her response brief that she was in fact alleging a negligence claim in that count. Instead, she seeks to clarify Count IV's legal

theory for the first time in the present Motion, which is procedurally impermissible.

## IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion for Reconsideration [Doc. 60] is DENIED.

SO ORDERED, this ___7th___ day of November, 2025.


THOMAS W. THRASH, JR.
United States District Judge