IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAMARRA E. STUPPARD-WILSON,
as Administratrix of the Estate of Dino
Vandarrel Walker, deceased,

    Plaintiff,

      v.

FULTON COUNTY, GEORGIA, et al.

    Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-3400-TWT

**OPINION AND ORDER**

This is a civil rights action. It is before the Court on Plaintiff Tamarra E. Stuppard-Wilson's Motion for Leave to Amend Complaint [Doc. 69]. For the reasons set forth below, the Plaintiff Stuppard-Wilson's Motion for Leave to Amend Complaint [Doc. 69] is DENIED.

## I.   Background

This case arises from the murder of Dino Walker, a pretrial detainee fatally stabbed by another pretrial detainee at the Fulton County Jail in 2022. (Suppl. Compl. ¶¶ 1, 14, 46 [Doc. 59].) Plaintiff Tamarra E. Stuppard-Wilson is the personal representative of Walker's estate. (*Id.* ¶ 4.) She alleged six claims in her original complaint, all but one of which (Count III) the Court dismissed in August 2025. (Op. & Order, Aug. 28, 2025 [Doc. 58].)

Following the Court's Order, the Plaintiff timely moved for reconsideration or, alternatively, leave to amend. She explained that, while

Count IV was incorrectly styled as the state law equivalent of a § 1983 claim, she had intended for that count to be a Georgia common law claim for the negligent performance of ministerial duties under Ga. Const. art. I, § 2, ¶ IX(d). This Court denied the reconsideration motion as an "improper vehicle to 'clarify' a claim that was not properly ple[aded] in the first place." (Op. & Order, Nov. 7, 2025 [Doc. 65].) The Court further denied leave to amend, finding that the Plaintiff failed to properly present her request for leave. *Id.* at 4 ("The Plaintiff's sole reference to leave to amend appears in the title of her motion, and she provides neither a proposed amended complaint nor a summary of her proposed amended complaint. Nor does she engage with Fed. R. Civ. P. 15(a)(2).").

Now before the Court is the Plaintiff's Motion for Leave to Amend Complaint and a copy of her proposed Second Amended Complaint. The proposed amendment contains two counts against Defendant Muhammad: (1) the § 1983 claim (formerly Count III), and (2) the Georgia negligence claim (formerly Count IV). (*See* Pl.'s Mot. for Leave to Amend Compl., Ex. 1 ¶¶ 68–84 [Doc. 69-1].)

## II.   Legal Standard

When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should

2

"freely" give leave to amend a pleading "when justice so requires." *Id.* This decision is discretionary, but the Eleventh Circuit has explained that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given *at least one* chance to amend the complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted). There are three exceptions to this rule: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* (citation omitted).

### III.  Discussion

The Court will exercise its discretion to deny the Plaintiff's Motion for Leave to Amend Complaint as untimely. *See Campell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (describing district courts' discretion in this area as "extensive"). While the clarified legal theory in Count II (formerly Count IV) may have resulted in a meritorious negligence claim, the Plaintiff's undue delay precludes amendment at this stage. The Court issued its Order on the Motion for Reconsideration in November 2025. The Plaintiff did not file her

3

Motion for Leave to Amend until March 2026—approximately four months later and approximately one-and-a-half months before the close of discovery, which has since closed on April 20, 2026. The Plaintiff offers no explanation for this delay other than to state that discovery "has just begun." (Pl.'s Mot. for Leave to Amend, at 7 [Doc. 69].) District courts retain discretion to deny leave to amend "when the moving party offers no adequate explanation for a lengthy delay." *In re Engle Cases*, 767 F.3d 1082, 1119 (11th Cir. 2014); *see also id.* at 1119 n.37 ("The party seeking leave to amend under Rule 15 bears the burden of establishing his entitlement to it—particularly where there has been such a long and seemingly unjustified delay."). Moreover, the proposed amendment would constitute the Plaintiff's third iteration of her complaint. Although the Court acknowledges it would be her first amendment since the Court dismissed Count II as alleging an improper legal theory, all the information needed to state a negligence claim—the relevant facts and case law—were available to the Plaintiff from the very start.

## IV.   Conclusion

For the reasons set forth above, the Plaintiff Tamarra E. Stuppard-Wilson's Motion for Leave to Amend Complaint [Doc. 69] is DENIED.

SO ORDERED, this ___20th___ day of May, 2026.

4

THOMAS W. THRASH, JR.
United States District Judge

5